BAKER, JUDGE:
*187 Claimants brought this action for injuries received by claimant Alfred L. Whiteley in a single vehicle accident on September 27, 1988, on West Virginia Route 9, Berkeley County. Claimants contend that Mr. Whiteley swerved his vehicle to the right, the wheels of his vehicle traveled of the paved portion of the roadway onto the shoulder area, and, while he was attempting to bring his vehicle back onto the roadway, the defective condition of the shoulder surface, the difference in elevation between the traveled portion of the roadway and the shoulder surface, tripped his vehicle, flipped it over and caused the injuries. The claim was heard on the issue of liability only. Neither of the claimants appeared or testified. Counsel for the claimants indicated that Mr. Whiteley had no memory of the accident.
Respondent contends that there was no reason for Alfred Whiteley to leave the traveled portion of the highway to go onto conditions of the berm along Route 9, his attempt to cut back onto the road caused the accident.
The investigating officer, Trooper James Paul Corley, of the Department of Public Safety, testified that claimant Alfred Whiteley was operating his Chevy Luv pickup truck proceeding west on Route 9 when the accident occurred. After having reviewed the photographs he estimated that the difference in elevation between the berm and the paved surface of the road, at the point where he believes the vehicle first left the road, was “four maybe five inches” and not eight to ten inches as he recorded in his accident report. He estimated the depth of the berm where he believes the right front wheel re-entered the traveled portion of the road surface as “maybe an inch, almost even.” On the accident report filed by Trooper Corley he marked two blocks as contributing circumstances to this accident, the blocks “Failure to Maintain Control and “Other Roadway Defects.” He checked these boxes “for the simple reason he (claimant Alfred Whiteley) failed to keep his vehicle on the roadway as required by law and ran off the roadway, which initiated the chain of events.” He stated that there were no indications as to why Mr. Whiteley left the traveled portion of the roadway and drove onto the berm. Trooper Corley indicated that Route 9 West is a moderately traveled secondary road.
Allen E. Hewett, an expert in the field of accident reconstruction investigation, and Andrew Edward Ramisch, an expert in traffic engineering and accident analysis, testified for claimants. They agreed that the vehicle went out of control after it left the traveled portion of the road and was tripped coming back onto such traveled portion. Both experts noted the difference in elevation between the paved portion of the roadway and the shoulder, and Mr. Ramisch also noted the rutted condition of the shoulder and its softness, stressing that a highway is supposed to provide a forgiving element in the shoulder system rather than an element that would punish one who is inadvertently in that area.
Trooper Rickey E. Holley, of the Department of Public Safety, testified as an accident reconstructionist expert for the respondent, that the Whiteley vehicle was out of control when it left the traveled portion of the roadway and tripped on furrowed dirt.
Respondent’s maintenance supervisor in Berkeley County, Bruce DeHaven, *188 described the road and the ditching and blading, routine maintenance which had been performed on it on April 6, 1988, the spring prior to the Whiteley accident. He stated that there are approximately 526 miles of roads in Berkeley County, and that there were no formal complaints or requests for ditching and blading of this area of Route 9 at the site of this accident prior to the accident.
There appears to be no doubt that the condition of the shoulder of this highway at the site of the Whiteley accident was something less than the optimum as described by Mr. Ramisch.
Drop-offs, frayed edges and ruts along the borders of our highways are a way of life in West Virginia. The traveling public contends with them every day in all parts of the State. In this case there may have been a defect in the shoulder, but the question is whether the defect
was such as would support a claim of negligence and a consequent moral obligation of the State to compensate the claimants for their losses.
This Court has heard and decided many defective berm cases previously. The Court stated its position in berm claims in the claim of Hinkle v. Div. of Highways, Opinion issued December 10, 1991, as follows:
This Court has, in past decisions, held that a lower standard of care and maintenance is required for the berm or shoulder of a public road, than for the regularly traveled portion of the road, this being the so-called New York rule. An exception to the rule, recognized both in New York, and West Virginia, is that the higher standard of care and maintenance required for traveled portion of the road will be applied for the shoulder when an emergency requires it. See Retzel v. State, 94 Misc.2d 562, 405 N.Y.S.2d 391 (1978). The Retzel Court says that not only an emergency may require the higher standard of car and maintenance, but other circumstances may, also, make the higher standard of care applicable. Many states, of course, do not have the double standard of care, one for the traveled portion of the road and one for berms, and indeed, in view of the many, and varied, and legitimate, intended and necessary uses made of the berms by the motoring public, it is difficult to rationalize a double standard.
In Hinkle, supra, claimant, the operator of a tractor was proceeding on the berm of a roadway when the right wheel struck a depression in the berm causing the tractor to flip. This Court made an award as respondent had failed to provide sufficient berm for the particular road which was the subject matter of the claim; however, the Court continues to adhere to the New York rule. In the instant claim, the reason for claimant Alfred rule. In the instant claim the reason for claimant *189 Alfred Whiteley to drive onto the berm is speculative. A drop-off of four to five inches at the edge of a paved road in West Virginia is not an unusual occurrence. The respondent maintained the berm on County Route 9 on a regular maintenance schedule with ditching and blading being performed twice a year, once during spring and once during fall. Although the Court might prefer that the berms throughout the State be maintained at the ideal condition of one to one and a half inches difference in elevation between the paved portion and the berm, the Court must also consider the burden placed upon respondent for such maintenance standards.
Claimant Alfred Whiteley proceeded onto the berm for reasons unknown, and he, thereupon, failed to keep his vehicle under control thus avoiding an accident. The evidence in this proceeding has convinced the Court that his negligence on the part of claimant Alfred Whiteley in failing to maintain his vehicle under control when it traversed the berm was equal to or greater than that of the respondent, if any, in its maintenance of the shoulder of County Route 9 in Berkeley County.
We are further constrained to say that this case was ably tried and argued by counsel for claimants. However, we believe that our findings of fact and our view of the law of the State of West Virginia governing this case require the disallowance of these claims and, accordingly, the same are denied and dismissed.
Claim disallowed.